Alan R. Sacks (AS 7788)
SACKS & MUCCINI LLC
410 Park Avenue, 15th Floor
New York, New York  10022
(212) 231-8132
gosacks@gmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY L. VIOLÉ, | Civil No.:    06-3224 |
| Plaintiff, | |
| -against- | **MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT** |
| PEARSON DARBY & CO. INC., ERIC A. AXEL | |
| Defendants. | |

MAY IT PLEASE THE COURT:

On 12 April 2005, Pearson Darby & Co. Inc., made a promissory note payable to plaintiff, Timothy L. Violé, in the amount of $120,000.00, payable thirty days hence, on 12 May 2005. The note was not timely paid, although several small installments have been paid over time.

Eric A. Axel and Kevin J. Sylla are the personal guarantors of the promissory note. On 15 and 16 July 2005, the two executed an amendment to the defaulted note, acknowledging its legitimacy by further agreeing to a periodic repayment schedule and additional interest terms. Both signed the amendment which also showed the agreement's acceptance by the payee, Timothy L. Violé.

After the makers and/or guarantors had defaulted on the modified repayment schedule, and following unsuccessful attempts to achieve results, Violé filed suit.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the court determines that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. See also <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no genuine issue of material fact unless there is sufficient evidence favoring the nonmoving party for the finder of fact to return a verdict for that party, if the nonmoving party is the party with the burden of proof. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no genuine issue of material fact unless there is sufficient evidence favoring the nonmoving party for the finder of fact to return a verdict for that party, if the nonmoving party is the party with the burden of proof. <u>Anderson v Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); <u>Richardson v. New York State Dep't of Correctional Servs.</u>, 180 F.3d 426, 436 (2d Cir. 1999).

"A 'genuine' issue is one where a reasonable jury, based on the evidence presented, could hold in the nonmovant's favor with regard to that issue." <u>Schoonejongen v. Curtiss -Wright Corp.</u>, 143 F.3d 120, 129 (3d Cir. 1998); <u>Sylvan Learning Sys. v. Gordon</u>, 135 F. Supp. 2d 529, 538 (D.N.J. 2000). Further, it is well established that only material facts - - those which might affect the outcome of the suit - - preclude summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

The moving party is not obligated to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the non-moving party bears the

burden of proof. Rather, the moving party may discharge its burden "by showing - - that is, pointing out to the district court - - that there is an absence of evidence to support the nonmoving party's case." Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir.1998); See also, Celotex v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).

If the opponent fails to make a sufficient showing as to an essential element of his or her case upon which he or she will bear the burden of proof at trial, all other facts are necessarily immaterial and summary judgment must be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986); Brewer v. Quaker State Oil Refining Corp., 72 F.3d at 330 (3d Cir. 1995); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).

Based on the foregoing standards and on the stipulations, the uncontested facts and applicable law, summary judgment is entirely appropriate in this case.

## **SUMMARY JUDGMENT SHOULD BE ENTERED IN THIS CASE**

Rule 56 of the Federal Rules of Civil Procedure makes summary judgment appropriate in this instance because no genuine issue of material fact exists, entitling Timothy Violé to judgment as a matter of law.

1. Axel has acknowledged his personal indebtedness as alleged in the complaint of TIMOTHY L. VIOLÉ filed herein, and has stipulated to the correctness of the account as alleged therein; (Exhibit "C"- ECF 12)

2. Axel agreed on the record to personally make specified payments on specified dates to Timothy Violé. (Exhibit "C"- ECF 12)

3. Axel agreed to make an initial payment of $ 5,000 on or before October 1, 2006,

and payments according to the following schedule:

    A.    November 15, 2006    $7500 U.S. Dollars

    B.    January 15, 2007    $5000 U.S. Dollars

    C.    February 15, 2007    $5000 U.S. Dollars

    D.    April 1, 2007    $20000 U.S. Dollars

    E.    May 15, 2007    $5000 U.S. Dollars

    F.    June 15, 2007    Balance Due.

(Exhibits "A", "B" and "C")

4. Axel agreed to pay attorney fees to the prevailing party in the event of a dispute. (Exhibit "A")

5. The defendants have paid only $16,500.00 to date. (Exhibit "D")

6. Axel acknowledged that he does not dispute the material facts set forth in the plaintiff's complaint. (Exhibit "C"- ECF 12)

The defendants admissions on the record make out the plaintiff's *prima face* case. By stipulation of the affected parties, this matter is as appropriate for summary judgment as any matter can be. The defendant's admissions before the court, together with the affidavits and pleadings on file do in fact, *mandate* the entry of judgment in favor of plaintiff on all counts.

Dated: New York, New York
        June 11, 2008

                            Respectfully submitted,

                            Alan Sacks

                        _____
Alan R. Sacks (AS 7788)
SACKS & MUCCINI LLC
410 Park Avenue, 15th Floor
New York, New York  10022
(212) 231-8132
gosacks@gmail.com
Attorneys for Plaintiff
TIMOTHY VIOLÉ