UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TIMOTHY L. VIOLE,                              :

         Plaintiff,              :

                       OPINION AND ORDER

        -v.-                               :

                       06 Civ. 3224 (GWG)

PEARSON DARBY & CO. et al.,          :

         Defendants.           :
-----------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

     Plaintiff Timothy L. Viole has moved for summary judgment against Eric A. Axel as the personal guarantor on a promissory note. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256.

     Here, defendant Eric A. Axel has not controverted any of the material facts in the plaintiff's statement pursuant to Local Rule 56.1. His opposition papers (Docket # 41) give no reason why he is not liable for the amounts due under the promissory note. Accordingly, plaintiff is granted summary judgment.

     Before judgment may be entered, however, plaintiff (1) must make an application as to whether he seeks pre-judgment interest, in what amount, and on what basis[1] and (2) must make a renewed application for attorney's fees (to the extent that he pursues any claim for attorney's fees under the contract) that includes contemporaneous time records, see New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148, 1154 (2d Cir.1983), along with an explanation of why the rates charged and the hours expended are reasonable, see generally Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182 (2d Cir. 2008).

     Judgment will be entered only after these applications are made and adjudicated. For the reasons stated at a conference held on August 11, 2008, the Court will not set a deadline at this time for these applications.

---

     [1] Any such application must account for any payments already made on the debt.

Conclusion

      Timothy L. Viole's motion for summary judgment against Eric A. Axel (Docket # 34) is granted.

      SO ORDERED.

Dated: New York, New York
       August 13, 2008

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies mailed to:

Alan Robert Sacks
Sacks & Muccini LLC,
410 Park Avenue, 15th Floor,
New York, NY, U.S.A. 10022

Eric Axel
521 Bloomfield Street, Apt. 1
Hoboken, NJ 07030